**PHILIP MORRIS USA INC., Plaintiff,**

v.

**TAMMY'S SMOKE SHOP, INC., et al., Defendants.**

No. CV 09–1899(LDW)(MLO).

United States District Court, E.D. New York.

July 19, 2010.

Jennifer Lee Larson, Maia Sevilla–Sharon, Arnold & Porter LLP, New York, NY, for Plaintiff.

Ronald S. Cook, Ronald S. Cook P.C., Smithtown, NY, for Defendants.

### MEMORANDUM AND ORDER

WEXLER, District Judge.

Plaintiffs Philip Morris USA Inc. brings this action against defendants Tammy's Smoke Shop, Inc. and Tammy Edwards (collectively, defendants or "Tammy's") asserting claims for trademark infringement under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and supplemental state law claims based on Tammy's sale of counterfeit MARLBORO® brand cigarettes. The parties cross-moved for summary judgment, and the Court heard oral argument.

Defendants concede liability (based on Tammy's sale of counterfeit cigarettes, following Tammy's acquisition of 200 cartons thereof), and do not contest the imposition of a permanent injunction. The only issue for resolution is the amount of statutory damages.

The parties agree that there are two trademarks at issue: (1) the MARLBORO® name; and (2) the MARLBORO® Red Label®. The parties also agree that the range of statutory damages under the Lanham Act is $1,000 to $200,000 per trademark infringed, *see* 15 U.S.C. § 1117(c)(1); and that where a defendant's infringement is "willful," the maximum award per trademark infringed increases to $2,000,000, *see id.* § 1117(c)(2); *see also Kepner–Tregoe, Inc. v. Vroom,* 186 F.3d 283, 288 (2d Cir.1999) (infringement is willful when " 'the defendant had knowledge that [his] conduct represented infringement or perhaps recklessly disregarded the possibility' " (quoting *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.,* 996 F.2d 1366, 1382 (2d Cir.1993))). Plaintiff urges the Court to award $200,000 per trademark infringed, for a total award

of $400,000. Plaintiff does not request a finding of willfulness, but argues that the evidence concerning defendants' conduct demonstrates that the measure of statutory damages should be at the high end of the range for nonwillful infringement. Defendants, on the other hand, urge the Court to award $1,000 per trademark infringed, for a total of $2,000.

In determining the amount of statutory damages, the Court considers several factors, including, *inter alia:* the defendant's profits, the plaintiff's lost profits, the defendant's willfulness, the size of defendant's counterfeiting operation, the defendant's efforts to mislead and conceal, and the need to deter the defendant and others. *Hermes Int'l v. Kiernan,* No. CV 06–3605, 2008 WL 4163208, at *4 (E.D.N.Y. Aug. 28, 2008); *see Fitzgerald Pub. Co. v. Baylor Pub. Co.,* 807 F.2d 1110, 1117 (2d Cir.1986); *Phillip Morris USA Inc. v. Marlboro Express,* No. CV–03–1161, 2005 WL 2076921, at *6 (E.D.N.Y. Aug. 26, 2005); *Gucci Am., Inc. v. Duty Free Apparel, Ltd.,* 315 F.Supp.2d 511, 520 (S.D.N.Y.2004); *Sara Lee Corp. v. Bags of New York, Inc.,* 36 F.Supp.2d 161, 165–67 (S.D.N.Y.1999).

Upon consideration, the Court finds that an appropriate measure of statutory damages is $50,000 per trademark infringed, for a total of $100,000.

As for defendants' profits, that amount cannot be accurately determined, as defendants apparently did not keep complete and accurate records of such sales. As a result, defendants must bear the uncertainty caused by the failure to keep sufficient records. *See Louis Vuitton S.A. v. Spencer Handbags Corp.,* 765 F.2d 966, 972–73 (2d Cir.1985); *Hermes Int'l,* 2008 WL 4163208, at *4; *Deering, Milliken & Co. v. Gilbert,* 269 F.2d 191, 193 (2d Cir. 1959); *Gucci Am.,* 315 F.Supp.2d at 521.

As for the size of defendants' counterfeiting operation, its full extent (including the volume of product involved) is unclear, particularly given the inadequate records kept by defendants. Again, defendants must bear the uncertainty caused by the failure to keep sufficient records. *See Hermes Int'l*, 2008 WL 4163208, at *4.

As for evidence concerning willfulness, as noted, plaintiff does not urge the Court to make a finding of willfulness. Nevertheless, the undisputed evidence indicates that defendants obtained the counterfeit cigarettes in exchange for quantities of "Newport" cigarettes from a woman named "Myra," whose full name, address, and business affiliation they did not know. They also did not know her source for the cigarettes. Under these circumstances, defendants knew or should have known that the source for the cigarettes was suspicious, a strong indication of willfulness. This factor favors a substantial amount of statutory damages.

As for the need to deter defendants, they have ceased counterfeiting activities (following the execution of a seizure order issued by the Court), and there is no evidence that defendants have continued their infringing conduct. However, given that the extent of defendants' counterfeit operation is unclear, and that the record indicates there are numerous other cigarette sellers in defendants' vicinity on the Poospatuck Indian Reservation (indeed, plaintiff has filed actions against other smoke shops on the reservation for alleged sale of counterfeit MARLBORO® brand cigarettes), there appears to be a real need to deter others from such insidious conduct.

As for plaintiff's lost profits, it is not clear that the counterfeit sales caused plaintiff to lose any sales. However, the Court realizes that the counterfeit sales likely caused injury to plaintiff, albeit to an extent and degree that is difficult or impossible to quantify.

Upon consideration of the various factors under the circumstances, the Court awards $50,000 for each of the two trademarks infringed, for a total of $100,000.

In addition to statutory damages, plaintiff is awarded costs (not including attorney's fees) and a permanent injunction. All remaining claims are dismissed.

Based on the above, defendants' motion for summary judgment is denied and plaintiff's motion for summary judgment is granted to the extent that the Court awards plaintiff: (1) statutory damages in the amount of $100,000; (2) a permanent injunction; and (3) costs. All remaining claims are dismissed. Plaintiff is directed to submit a judgment.

SO ORDERED.